1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THONG DANG,                                          No. C 05-4254 SI (pr)

           Petitioner,                          **ORDER TO SHOW CAUSE**

    v.

S.W. ORNOSKI, warden,

           Respondent.
                            /

**INTRODUCTION**

Thong Dang, an inmate at San Quentin State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. He paid the filing fee.

**BACKGROUND**

Dang reports in his petition that he was convicted in 1985 in Orange County Superior Court of first degree murder and sentenced to a term of 25 years to life in prison. His petition does not challenge his conviction but instead challenges a decision by the Board of Prison Terms ("BPT") at a March 2, 2005 hearing that found him not suitable for parole. Dang did not bother to fill out the particulars on his form habeas petition but asserts that all state court remedies were exhausted before he filed this action.

1

**DISCUSSION**

2      This court may entertain a petition for writ of habeas corpus "in behalf of a person in

3   custody pursuant to the judgment of a State court only on the ground that he is in custody in

4   violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).   A

5   district court considering an application for a writ of habeas corpus shall "award the writ or issue

6   an order directing the respondent to show cause why the writ should not be granted, unless it

7   appears from the application that the applicant or person detained is not entitled thereto."   28

8   U.S.C. § 2243.   Summary dismissal is appropriate only where the allegations in the petition are

9   vague or conclusory, palpably incredible, or patently frivolous or false.   See Hendricks v. Vasquez,

10   908 F.2d 490, 491 (9th Cir. 1990).

11      Dang alleges that the BPT's decision was not supported by sufficient evidence, in violation

12   of his right to due process.   Liberally construed, the petition states a cognizable claim for a due

13   process violation.   See Board of Pardons v. Allen, 482 U.S. 369 (1987); Morales. v. California

14   Dep't of Corrections, 16 F.3d 1001, 1005 (9th Cir. 1994), rev'd on other grounds, 514 U.S. 499

15   (1995) (due process requires that "some evidence" must support the parole authority's decision);

16   Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003).   Although some of the claims are described with

17   reference to the state regulations and statutes that govern the parole consideration process, a

18   petitioner cannot obtain federal habeas relief based on a mere misapplication of state regulations

19   or statutes.   That state law is relevant, however, in determining the sufficiency of the evidence to

20   support the decision reached by the BPT.

21      Dang alleges that the use of the "some evidence" standard violates due process.   That claim

22   is dismissed as meritless.   This court is bound by existing Ninth Circuit precedent that has already

23   determined that the "some evidence" standard is the appropriate standard of habeas review of a

24   parole denial decision.   See id. at 915 ("in the parole context, the requirement of due process are

25   satisfied if 'some evidence' supports the decision.")

26

27

28

2

1

**CONCLUSION**

2        For the foregoing reasons,

3        1.      The due process claim in the  petition warrants a response from respondent.   The

4    claim that the "some evidence" standard of review violates due process is dismissed.

5        2.      The clerk shall serve by certified mail a copy of this order, the petition and all

6    attachments thereto upon respondent and respondent's attorney, the Attorney General of the State

7    of California.  The clerk shall also serve a copy of this order on petitioner.

8        3.      Respondent must file and serve upon petitioner, on or before **January 27, 2006**, an

9    answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing

10   cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a

11   copy of all portions of the parole hearing record that have been previously transcribed and that are

12   relevant to a determination of the issues presented by the petition.

13       4.      If petitioner wishes to respond to the answer, he must do so by filing a traverse with

14   the court and serving it on respondent on or before **March 3, 2006**.

15       IT IS SO ORDERED.

16   DATED:  November 30, 2005

SUSAN ILLSTON
United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

3