UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THONG DANG,

    Petitioner,

    v.

S.W. ORNOSKI, warden,

    Respondent.

No. C 05-4254 SI (pr)

**ORDER DENYING MOTION TO DISMISS**

In this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, petitioner alleges that his right to due process was violated when the Board of Prison Terms ("BPT") found him not suitable for parole at a hearing in March 2005.

Respondent now moves to dismiss the action for lack of subject matter jurisdiction. Respondent contends that petitioner has no liberty interest in parole and therefore no federal due process rights in connection with parole decisions. Respondent also urges that, even if petitioner had a protected liberty interest, petitioner received all the process due him under clearly established federal law as set forth by the U.S. Supreme Court.

A.  <u>A California prisoner has a federal right to due process in parole proceedings</u>

While there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," <u>Greenholtz v. Inmates of Nebraska Penal & Corr. Complex</u>, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it uses mandatory language, may create a presumption that parole release will be granted when or unless certain designated findings are made, and thereby give rise to a constitutionally protected

liberty interest, see Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (Montana parole statute providing that board "shall" release prisoner, subject to certain restrictions, creates due process liberty interest in release on parole); Greenholtz, 442 U.S. at 11-12 (Nebraska parole statute providing that board "shall" release prisoner, subject to certain restrictions, creates due process liberty interest in release on parole). In such a case, a prisoner gains a legitimate expectation in parole that cannot be denied without adequate procedural due process protections. See Allen, 482 U.S. at 373-81; Greenholtz, 442 U.S. at 11-16.

California's parole scheme uses mandatory language and is largely parallel to the schemes found in Allen and Greenholtz to give rise to a protected liberty interest in release on parole: In California, the panel or board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting." Cal. Penal Code § 3041(b). Under the clearly established framework of Allen and Greenholtz, "California's parole scheme gives rise to a cognizable liberty interest in release on parole." McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002). The scheme creates a presumption that parole release will be granted unless the statutorily defined determinations are made. Id.; Biggs v. Terhune, 334 F.3d 910, 915-16 (9th Cir. 2003) (finding initial refusal to set parole date for prisoner with 15-to-life sentence implicated prisoner's liberty interest). In sum, the structure of California's parole scheme -- with its mandatory language and substantive predicates – gives rise to a federally protected liberty interest in parole such that an inmate has a federal right to due process in parole proceedings.

Respondent does not persuade the court with his discussion of In re. Dannenberg, 34 Cal. 4th 1061 (Cal.), cert. denied, 126 S. Ct. 92 (2005). Dannenberg determined that a prisoner's individual parole suitability must be determined before the BPT attempts to set a term that would result in uniform parole dates for similar crimes – in other words, Penal Code § 3041(a)'s term uniformity concerns only come into play if the inmate has been found suitable under § 3041(b). See id. at 1098. Dannenberg does not answer the question of whether § 3041(b) creates a liberty

2

1 interest in the parole suitability determination.  Indeed, some language in Dannenberg seems to
2 recognize such a liberty interest.  See id. at 1095 n.16.  In light of the absence of a clear
3 determination by the California Supreme Court that § 3041(b) grants the BPT limitless discretion
4 to determine parole suitability, coupled with the Ninth Circuit holding in McQuillion that a
5 protected liberty interest is created by § 3041(b), this court rejects respondent's argument that
6 there is no protected liberty interest in parole for California inmates.

8 B.     Respondent may attack the merits of the petition in an answer to it
9       Respondent argues that petitioner received all the process due in that he received an
10 opportunity to be heard and was informed of the reason he was deemed unsuitable for parole.
11 Respondent contends that petitioner cannot rely on Biggs to show his entitlement to relief.
12 Respondent's argument must be made, if at all, in an answer to the petition rather than in a
13 motion to dismiss.
14       Threshold problems (such as lack of jurisdiction, failure to exhaust, improper venue, lack
15 of custody, mootness, and untimeliness) may be raised by motion rather than in the answer.
16 See Lonchar v. Thomas, 517 U.S. 314, 325 (1996) (quoting Advisory Committee Notes to Rule
17 4 of the Rules Governing Section 2254 Cases In The United States District Courts); White v.
18 Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989).  These authorities, cited by respondent for
19 authority to file a motion to dismiss instead of an answer, do not support the view that the merits
20 should be addressed in a motion to dismiss.  Using a motion to dismiss to address the merits of
21 a claim would give the respondent two bites at the apple because he can renew and improve his
22 argument in his answer to the petition if he loses at the motion to dismiss stage.  Such a
23 procedure also requires the court to address the same issues twice in the same case.
24       This court identified the cognizable claim in the petition as a claim that there was
25 insufficient evidence to support the finding that petitioner was not suitable for parole.  The court
26 did not identify a separate claim in the petition based on Biggs alone; therefore, respondent's
27 suggestion that such a claim could not succeed under 28 U.S.C. § 2254(d) standards would not
28 provide a basis for dismissal of the petition when a separate Biggs claim was not identified by

3

the court. Any argument that there was not sufficient evidence to support the denial of parole must be made in an answer rather than in a motion to dismiss.

This court has subject matter jurisdiction under 28 U.S.C. § 2254 to decide whether petitioner's Fourteenth Amendment right to due process was violated by the BPT's determination that he was not suitable for parole. Respondent's motion to dismiss therefore is DENIED. (Docket # 4.)

In light of the denial of the motion to dismiss, the court now sets the following new briefing schedule on its order to show cause:

1. Respondent must file and serve upon petitioner, on or before **August 25, 2006**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

2. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **September 29, 2006**.

IT IS SO ORDERED.

DATED: July 7, 2006

SUSAN ILLSTON
United States District Judge

4